# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SARAH B. BALIIRA, :
        Plaintiff : Case No.:
         :
         :
    v. :
         :
LAW OFFICES OF : CIVIL COMPLAINT
CHRISTOPHER M. RANIERI, :
P.A. and CHRISTOPHER M. :
RANIERI, individually, : JURY TRIAL DEMANDED
        Defendant :

## COMPLAINT

### Introduction

1.    Plaintiff, Sarah Baliira, by and through her undersigned counsel, brings this action against the Law Offices of Christopher M. Ranieri, P.A. and Christopher M. Ranieri, individually, (collectively "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA")[1], the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq., and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2 et seq. (hereinafter referred to as the "UTPCPL"), and in support thereof avers as follows:

---

[1] This strict liability statute provides for actual and statutory damages upon the showing of one (1) violation. 15 U.S.C. § 1692k.

## Jurisdiction

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1331 of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

5. Plaintiff, Sarah Baliira is an adult individual residing in Harrisburg, Pennsylvania.

6. Defendant, Law Offices of Christopher M. Ranieri, P.A., is an entity engaged in the business of collecting debts nationally, locally, and within the Commonwealth of Pennsylvania using instrumentalities of interstate commerce with its principal place of business located at 3890 West Commercial Boulevard, Suite 218, Fort Lauderdale, FL 33309.

7. Defendant, Christopher M. Ranieri, is an attorney engaged in the business of debt collection with his principal place of business located at 3890 West Commercial Boulevard, Suite 218, Fort Lauderdale, FL 33309.

Christopher M. Ranieri is not licensed to practice law in the Commonwealth of Pennsylvania.

## Facts Common to All Counts

8. On December 10, 2009 at 7:23p.m., Plaintiff received a phone call while she was at work, but was disconnected.

9. A few minutes later, at 7:36p.m., the Plaintiff received another phone call, but again was disconnected.

10. Again at 7:43, Plaintiff received a phone call but was this time not disconnected.

11. The caller, "Dan", introduced himself as a representative of the Law Offices of Christopher M. Ranieri, P.A. and was calling in regards to a previous payday loan she had taken out in 2007 for the amount of $250, with the remaining balance of $130.

12. Dan asked Plaintiff how she wanted to pay for this loan, and Plaintiff responded that she needed to call back after finding her credit card.

13. When Plaintiff called back at 7:47p.m. with her credit card information, she asked for his extension but was put on hold.

14. Dan eventually came on the line and Plaintiff asked him a few questions regarding payment of the loan.

15. At this point, Dan paused, lowered his voice and asked, "What is your favorite position?" Plaintiff did not answer because she understood this to be a reference to sexual intercourse and was taken aback and appalled by the statement.

16. Getting no response, Dan asked this question again and eventually stated, "You sound hot, baby."

17. Astonished and offended, Plaintiff finally responded, "Are you kidding?" and hung up the phone.

18. Plaintiff approached her supervisor ("Betty"), about this call and they decided to call Dan back. This time, they included Plaintiff's supervisor in the call.

19. When they reached Dan on the phone, Betty introduced herself as Plaintiff's mother and began reprimanding Dan for his inappropriate behavior. Dan did not deny nor apologize for his conduct.

20. Betty confronted Dan, asking him why he was so unprofessional. Dan sarcastically responded, "I'm only 20. I don't know how to be professional." He then hung up on them.

21. Plaintiff again called back, this time asking for a supervisor. She was put on the phone with a man named Alan.

22. When told about what happened, Alan supposedly put Dan on another line and yelled at Dan while Plaintiff was still on the phone.

23. At this point, Dan hung up the phone and Alan, acknowledged Dan's comments and apologized to Plaintiff and her supervisor for Dan's actions.

24. Alan claimed to put Dan on a three day suspension but then commented: "Once you bake a cookie, you can't do anything about the recipes." Plaintiff understood this to be a reference to Dan's inherent ignorance and lack of professionalism.

25. Skeptical of Alan's handling of the situation, Plaintiff called back the next day to check to see if he was telling the truth. Dan answered the phone and Plaintiff hung up, angry that Dan was obviously not on a three day suspension.

26. As a result of repeated phone calls and inappropriate and offensive comments during the calls, Plaintiff was forced to engage the services of an attorney in order to bring a halt to the illegal harassment by the Defendant.

27. As a result of Defendant's illegal action, Plaintiff has suffered needless anxiety, distress, humiliation, fear and embarrassment for which compensation is sought.

**First Claim for Relief**
**(Violation of the Fair Debt Collection Practices Act)**

28. The preceding paragraphs are incorporated by reference as though fully set forth herein.

29. Plaintiff is a "consumer" as that term is defined by state law and 15 U.S.C. § 1692a(3).

30. Defendant is a debt collector as defined by state law and 15 U.S.C. § 1692a(6).

31. At all times pertinent hereto, the Defendant was collecting a debt relating to a consumer transaction within the meaning of 15 U.S.C. § 1692a(5).

32. Defendant violated the FDCPA. The violations include but are not limited to the following:

   a. engaging in any conduct of which the natural consequences is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d;

    b. the use of false, deceptive and/or misleading representation or means in connection with debt collection, 15 U.S.C. § 1692e preface and e(10);

    c. the use of unfair and/or unconscionable means to collect or attempt to collect on the Account, 15 U.S.C. § 1692f preface;

33. As a result of Defendant's wrongful actions and unlawful collection activity as described above, Plaintiff has been subjected to anxiety, harassment, and emotional distress for which compensation is sought.

34. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages of $1,000.00, and attorney's fees under 15 U.S.C. § 1692k.

## Second Claim for Relief
### (Violation of the Fair Credit Extension Uniformity Act)

35. The preceding paragraphs are incorporated by reference as though fully set forth herein.

36. The Plaintiff is a "consumer" as that term is defined by the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.3.

37. The Plaintiff's relationship with Defendant arose out of a consumer "debt" as that term is defined by the FCEUA, 73 P.S. § 2270.3.

38. Defendant was and is a "debt collector" as that term is defined by the FCEUA, 73 P.S. § 2270.3.

39. All violations of the FDCPA are also violations of the FCEUA under 73 P.S. §2270.4(a).

40. Defendant violated the FCEUA in the following ways:

   a. engaging in conduct of which the natural consequences was to harass, oppress, or abuse any person in connection with the collection of a debt, 73 P.S. § 2270.4(b)(4);

   b. the use of unfair and/or unconscionable means to collect or attempt to collect, 73 P.S. § 2270.4(b)(6);

41. As a result of Defendant's wrongful actions and unlawful collection activity as described above, Plaintiff has been subjected to anxiety, harassment, and emotional distress for which compensation is sought under 73 P.S. §2270.5(c).

42. Defendant is liable to Plaintiff for, and Plaintiff is requesting: statutory damages, punitive damages, reasonable attorney fees computed at

the rate of $225 per hour, and other relief as the Court deems necessary and proper, 73 P.S. § 201-9.2.

### Third Claim for Relief
**(Violation of the PA Unfair Trade Practices and Consumer Protection Law)**

43. The preceding paragraphs are incorporated by reference as though fully set forth herein.

44. As a result of the above violations of the FCEUA, the Defendant has also violated the act of Dec 17, 1968 (P.L. 1224 No. 387), commonly known as the Unfair Trade Protection and Consumer Protection Law, 73 P.S. 201-2 et.seq.  (*See* 73 P.S. 2270.5).

45. As a result of Defendant's wrongful actions and unlawful collection activity as described above, Plaintiff has been subjected to anxiety, harassment, and emotional distress for which compensation is sought.

46. As a result of the above violations of the UTPCPL, Defendant is liable to Plaintiff for, and Plaintiff is requesting: statutory damages, treble damages, reasonable attorney fees computed at the rate of $225 per hour, and other relief as the Court deems necessary and proper, 73 P.S. § 201-9.2.

**WHEREFORE,** the Plaintiff, having set forth her claims for relief against the Defendant, and pursuant to the remedies set forth and permitted by law, respectfully prays of the Court as follows:

A. That the Plaintiff has and recover against the Defendant a sum to be determined by the Court in the form of statutory damages in the amount of $1,000.00, reasonable attorney fees computed at the rate of $225 per hour, and other relief as the Court deems necessary and proper for Defendant's violation of the FDCPA pursuant to 15 U.S.C. Section 1692k;

B. That the Plaintiff has and recover against the Defendant a sum to be determined by the Court in the form of statutory damages, punitive damages, treble damages, reasonable attorney fees computed at the rate of $225 per hour, and other relief as the Court deems necessary and proper for Defendant's violation of Pennsylvania Fair Credit Extension Uniformity Act and/or Pennsylvania Unfair Trade Practices and Consumer Protection Law pursuant to 73 P.S. § 2270.5 and 73 P.S. § 201-9.2.

C. That the Plaintiff has such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    **BOYLE, NEBLETT, & WENGER**

    /s/ John P. Neblett
    John P. Neblett
    Boyle, Neblett, & Wenger
    Attorney I.D. No. 80036
    4660 Trindle Road, Suite 200
    Camp Hill, PA 17011
    (717) 737-2430

February 19, 2010